IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

TROY VINCENT DODD                                                          PLAINTIFF

v.                           Civil No. 10-2150

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                             DEFENDANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, Troy Dodd, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying his claim for a period of disability, disability insurance benefits ("DIB"), and supplemental security income ("SSI") under Titles II and XVI of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

**I.   Procedural Background:**

The plaintiff filed his applications for DIB and SSI on December 5, 2007, alleging an onset date of July 30, 2007, due to significant hearing loss, the residual effects of inguinal hernia repair, chronic lower back pain, chronic left shoulder pain, chronic right hip pain, chronic knee pain, carpal tunnel syndrome ("CTS"), and neuralgia. Tr. 34-46, 64, 133-140, 158-159, 177, 203. His applications were denied initially and on reconsideration. Tr. 55-58.

An administrative hearing was held on March 10, 2009. Tr. 21-54. Plaintiff was present and represented by counsel. At this time, plaintiff was 58 years of age and possessed a high

school education. Tr. 25. He had past relevant work ("PRW") experience as a heavy equipment operator, truck driver, and truck broker. Tr. 27-34, 67, 168-175, 178.

On September 25, 2009, the Administrative Law Judge ("ALJ") concluded that, although severe, plaintiff's hearing loss did not meet or equal any Appendix 1 listing. Tr. 64. She found that plaintiff maintained the residual functional capacity ("RFC") to perform a full range of medium work involving exposure to no more than category IV noise. Tr. 64-67. With the assistance of a vocational expert, the ALJ then found that plaintiff could return to his PRW as a heavy equipment operator and truck driver. Tr. 67.

Plaintiff appealed this decision to the Appeals Council, but said request for review was denied on August 14, 2010. Tr. 1-4. Subsequently, plaintiff filed this action. ECF No. 1. This case is before the undersigned for report and recommendation. Both parties have filed appeal briefs, and the case is now ready for decision. ECF No. 8, 9.

## II. Applicable Law:

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Cox v. Astrue*, 495 F.3d 614, 617 (8th Cir. 2007). Substantial evidence is less than a preponderance, but enough that a reasonable mind would find it adequate to support the Commissioner's decision. *Id*. "Our review extends beyond examining the record to find substantial evidence in support of the ALJ's decision; we also consider evidence in the record that fairly detracts from that decision." *Id.* As long as there is substantial evidence in the record to support the Commissioner's decision, the court may not reverse the decision simply because substantial evidence exists in the record to support a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742,

747 (8th Cir. 2001). If we find it possible "to draw two inconsistent positions from the evidence, and one of those positions represents the Secretary's findings, we must affirm the decision of the Secretary." *Cox*, 495 F.3d at 617 (internal quotation and alteration omitted).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

### A.    The Evaluation Process:

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his or her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his or her age, education, and experience. *See* 20 C.F.R. § § 404.1520(a)-(f)(2003). Only if the final stage is reached does the fact finder consider the plaintiff's age,

3

education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § § 404.1520, 416.920 (2003).

### III.  Discussion:

Of particular concern to the undersigned in the ALJ's determination that the residuals of Plaintiff's inguinal hernia surgery constituted a non-severe impairment. Clearly, if the impairment would have no more than a minimal effect on the claimant's ability to work, then it does not satisfy the severity requirement of step two. *Page v. Astrue,* 484 F.3d 1040, 1043 (8th Cir.2007). Severity is not an onerous requirement for the claimant to meet, *see Hudson v. Bowen,* 870 F.2d 1392, 1395 (8th Cir.1989), but it is also not a toothless standard, and we often uphold the Commissioner's findings that a claimant has failed to make this showing. *See, e.g.*, *Page*, 484 F.3d at 1043-44; *Dixon v. Barnhart,* 353 F.3d 602, 605 (8th Cir.2003);*Gwathney v. Chater,* 104 F.3d 1043, 1045 (8th Cir.1997); *Nguyen v. Chater,* 75 F.3d 429, 431 (8th Cir.1996).

Social Security Ruling 85-28 instructs that "[g]reat care should be exercised in applying the not severe impairment concept. If an adjudicator is unable to determine clearly the effect of an impairment ... on the individual's ability to do basic work activities, the sequential evaluation process should not end with the not severe evaluation step. Rather, it should be continued." SSR 85-28.

In the present case, we note that there is not a great deal of medical evidence in the record. However, the evidence before this court does indicate that Plaintiff underwent a bilateral inguinal herniorrhaphy with mesh placement in August 2007. Tr. 227-234, 344-348. On February 6, 2008, Plaintiff was treated by Dr. Chisum-Price for continued pain resulting from his bilateral inguinal hernia repair surgery. Tr. 340. An examination did reveal tenderness in

the area of the incision, but no sign of an infection or a recurrence of the hernia. The doctor indicated that it was not clear whether Plaintiff's pain was due to the mesh used to repair the hernia or perhaps just activity. Plaintiff was prescribed Lortab for pain, told to ice his groin as needed, and offered re-exploration surgery with mesh removal. Plaintiff rejected surgery and was advised to return if his symptoms continued.[1] Tr. 340.

On February 7, 2008, Plaintiff underwent a general physical exam with Dr. Van Hoang. Tr. 241-247. He reported continued problems with swelling and pain in the site of his bilateral inguinal hernias, cramping in his arms, chronic left shoulder pain, and impaired hearing. An examination revealed a 60-70% hearing loss, normal range of motion in all areas, no joint abnormalities or deformities, no muscle atrophy, and no muscle weakness. However, he could barely walk on his heel and toes and squat and arise from a squatting position. Dr. Hoang diagnosed him with persistent bilateral inguinal pain post bilateral inguinal repair, chronic lower back and left leg pain, daily nocturnal muscle spasms in both arms, and chronic pain in the left shoulder. He concluded the Plaintiff's impairments would result in "moderate physical limitations for his future employment." Tr. 241-247.

On March 10, 2008, Dr. Ronald Crow completed an RFC assessment after reviewing Plaintiff's medical records. Tr. 250-257. He concluded Plaintiff could perform a full range of light work. Tr. 250-260.

On March 27, 2009, Plaintiff again complained of tenderness in the area of his inguinal hernia repair incision. Tr. 379. Dr. Chisum-Price noted that Plaintiff was tender over the lower

---

[1] Additional records also indicate that Plaintiff had refused an MRI and nerve conduction velocity studies necessary to diagnose possible carpal tunnel syndrome due to the cost of these procedures. Tr. 382-384.

edge of his incision, noting "snugness" with exertion. However, there was no evidence of a recurrent hernia. She again offered re-exploration surgery, but indicated that hernia repairs without mesh often led to a much tighter sensation than what he was currently experiencing. Tr. 379.

Given the progress notes of Dr. Chisum-Price, coupled with the medical assessments of both Drs. Hoang and Crow, we believe remand is necessary to allow the ALJ to reconsider the severity of this impairment. It does appear that Plaintiff was experiencing some pain and discomfort in the area of his inguinal hernia repair that could impact his ability to perform work-related activities, particularly those associated with a full range of medium level work. The regulations define medium work as lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. SSR 83-10. A full range of medium work requires standing or walking, off and on, for a total of approximately 6 hours in an 8-hour workday in order to meet the requirements of frequent lifting or carrying objects weighing up to 25 pounds. *Id.* As in light work, sitting may occur intermittently during the remaining time. Use of the arms and hands is necessary to grasp, hold, and turn objects, as opposed to the finer activities in much sedentary work, which require precision use of the fingers as well as use of the hands and arms. *Id*. The considerable lifting required for the full range of medium work also requires frequent bending-stooping. Flexibility of the knees as well as the torso is important for this activity. *Id*.

We also find that remand is necessary to allow the ALJ to re-evaluate Plaintiff's RFC. The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel,* 245 F.3d 700, 704 (8th Cir. 2001).

Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace." *Lewis v. Barnhart,* 353 F.3d 642, 646 (8th Cir. 2003).

As indicated above, Dr. Hoang concluded that Plaintiff's impairments would result in "moderate physical limitations," but did not specify what those limitations would be. Dr. Crow concluded that Plaintiff could perform only light work. The ALJ found Plaintiff to be capable of a full range of medium work with hearing limitations, indicating that she found Plaintiff not to be credible. We note, however, the ALJ's RFC determination actually discredits the opinions of two doctors, rather than Plaintiff. And, we can find no evidence to contradict their findings. Accordingly, we recommend that the case be remanded to allow the ALJ to reconsider the evidence concerning Plaintiff's limitations. On remand, Dr. Hoang should be contacted to clarify what is meant by the phrase "moderate physical limitations." Case law dictates that "[a]n ALJ should re-contact a treating or consulting physician if a critical issue is undeveloped," and we find that to be the case here. *See Johnson v. Astrue*, 627 F.3d 316, 320 (8th Cir. 2010).

**V.    Conclusion:**

Based on the foregoing, we recommend reversing the decision of the ALJ and remanding this case to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g). **The parties have fourteen days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

7

    DATED this 26th day of August 2011.

                                             /s/ *J. Marschewski*
                                             HON. JAMES R. MARSCHEWSKI
                                             UNITED STATES MAGISTRATE JUDGE